Edward T. McCaffrey, J.
Plaintiff moves for temporary injunction restraining defendants from in any way preventing or attempting to prevent the employment of persons registered as longshoremen by plaintiff, Waterfront Commission, pursuant to Commission Determination No. 5, dated March 8,1968. Each of the defendants by separate cross motion moves for an order granting judgment dismissing the complaint and each cause of action therein stated for legal insufficiency and upon the ground of prior action pending or staying the prosecution of this action.
The action has been instituted to enforce Determination No. 5 made on March 8,1968 and to invalidate the agreement between the defendants of March 28, 1968, by which it was agreed that the employers will not employ persons not enjoying seniority status after physical examination. Determination No. 5 has been sustained by the Appellate Division by order of April 23, 1968 (29 A D 2d 1049) and by stipulation “ so ordered ” by Mr. Justice George Tilzer this motion was argued on August 22, 1968 and in effect stays any application for transfer to the Federal jurisdiction until September 4,1968.
On June 24, 1965, Governor Rockefeller vetoed a bill which would close the longshoremen’s register. In his message, the Governor stated: ‘ ‘ The bill would foreclose employment opportunities in the Port of New York, seriously harm the economy of the Port and is against the public interest.” (N. Y. Legis. Annual, 1965, p. 639.) In 1966 a bill was adopted (L. 1966, ch. 127, adding Waterfront Commission Act, § 5-p) which granted to the commission the power:
‘ ‘ to make determinations to suspend the acceptance of application for inclusion in the longshoremen’s register for such periods of time as the commission may from time to tíme estab *798 lish and, after any such period of suspension, the commission shall have the power to make determinations to accept applications, which shall be processed in the order in which they are filed with the commission, for such period of time as the commission may establish or in such number as the commission may determine, or both. Such determinations to suspend or accept applications shall be made by the commission on its own initiative or upon the joint recommendation in writing of stevedores and other employers of longshoremen in the port of New York district, acting through their representative for the purpose of collective bargaining with a labor organization representing such longshoremen in such district and such labor organization, which joint recommendation the commission shall have the power to accept or reject.
* # *
“subject to judicial review for being arbitrary, capricious, and an abuse of discretion
# * #
“no court shall have power to stay the commission’s determination prior to final judicial decision for more than fifteen days.
# * ♦
‘ ‘ This section shall apply, notwithstanding any other provision of this act, provided however, such section shall not in any way limit or restrict the provisions of section five of article nine of this act empowering the commission to register longshoremen on a temporary basis to meet special or emergency needs or the provisions of section four of article nine of this act relating to the immediate reinstatement of persons removed from the longshoremen’s register pursuant to article nine of this act. Nothing in this section shall be construed to modify, limit or restrict in any way any of the rights protected by article fifteen of this act.”
Article XV (subd. 2) of the Waterfront Commission Compact provides: ‘ ‘ This compact is not designed and shall not be construed to limit in any way any rights of longshoremen, hiring agents, pier superintendents or port watchmen or their employers to bargain collectively and agree upon any method for the selection of such employees by way of seniority, experience, regular gangs or otherwise, provided that such employees shall be licensed or registered hereunder and such longshoremen and port watchmen shall be hired only through the employment information centers established hereunder and that all other provisions of this compact be observed.” Determination No. 5 was made pursuant to the 1966 bill admitting 600 new men to the *799 register. On April 29, 1968, 30 men were added to the register to work in the Port of Newark area. This record sufficiently establishes need to correct imbalance, particularly in the light of imminent considerable addition of new shipping business in that area.
The Appellate Division validation of Determination No. 5 must be regarded as res judicata since the necessary implication is that the legislative policy expressed in section 5-p of the Waterfront Commission Act is that nothing may be done to defeat it. By that Act and Determination No. 5 the authority to employ and the regulation of employment in pursuance thereof are not withdrawn from the defendants and any refusal on their part to conduct physical examination of the newly added men to the register or to employ would constitute interference with Determination No. 5. For these reasons also, the causes stated in the complaint are sufficient.
The action instituted by the defendants in the Federal jurisdiction was commenced on April 24, 1968, the day following the Appellate Division confirmation of Determination No. 5, and in that action they seek a declaration that they have the right not to grant any seniority classification to the new longshoremen registered by the commission. Not only is that an extension of the action brought in the Appellate Division but this plaintiff is not the plaintiff in the action now pending in the Federal jurisdiction. Moreover, this plaintiff’s success in the Federal action would still require that it obtain the injunctive relief it now seeks.
The motion is granted and the cross motions are denied.