### (December 17, 1968)

■ WATERFRONT COMMISSION OF NEW YORK HARBOR, on Behalf of Itself and of the STATE OF NEW YORK, Respondent, v. NEW YORK SHIPPING ASSOCIATION, INC., et al., Appellants.— Order, entered September 3, 1968, modified to enjoin the defendants to do all things necessary to process the newly registered longshoremen for employment, including the conducting of physical examinations, and to do all things necessary so that they may be employed on each and every occasion where all work opportunities have been offered to and refused by persons with seniority status and who are available for employment at Employment Information Center No. 11 of the Commission; and said order is otherwise affirmed, without costs and without disbursements. The defendants are bound to comply with Determination No. 5 of the commission and the commission is entitled to enjoin the acts of the defendants committed and threatened to be committed in violation of such determination. (See Waterfront Commission Act, § 5-f; L. 1953, ch. 882, as added by L. 1954, ch. 220.) The order, however, should with reasonable definiteness set forth the acts of the defendants that are restrained or directed to be performed. (See *Xerox Corp. v. Neises*, 31 A D 2d 195.) Concur — Stevens, J. P., Eager, Tilzer and Rabin, JJ.; McGivern, J., dissents in the following memorandum: I dissent and would affirm the temporary injunction only to the extent of directing a resolution of the issues at an early trial. In effect, the majority has made permanent a temporary injunction, without a hearing. Their disposition in effect gives final relief. But, "As this court pointed out in *Weisner v. 791 Park Ave. Corp.* (7 A D 2d 75, 78) the granting of a temporary injunction does not determine the ultimate issues in the action but serves only to preserve the *status quo* until a decision on the merits. (See *Walker Mem. Baptist Church v. Saunders*, 285 N Y 462, 474)." (*Hoppman v. Riverview Equities Corp.*, 16 A D 2d 631; see also, *Park Terrace*

*Caterers* v. *McDonough,* 9 A D 2d 113.) The issue is whether or not the Water-front Commission can force the defendants to hire men merely because they have been registered by the commission and guarantee them a minimum wage guarantee of 1,600 hours. And there must be a recognition of the interference with the collective bargaining arrangements already in effect and the subject of current negotiations. Further, since this proceeding was instituted in August 20, 1968, the air of crisis has long since disappeared. I doubt very much if it any longer is a fit subject for the drastic remedy of injunction at all. Settle order on notice. [57 Misc 2d 796.]